UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JAVIER RAMOS**, | ) | Case No. 1:06 CV 0901 |
| | ) | |
| Petitioner, | ) | Judge Christopher A. Boyko |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **JULIO WILSON, WARDEN**, | ) | |
| | ) | |
| Respondent, | ) | Magistrate Judge James S. Gallas |
| | ) | |

Javier Ramos is a prisoner in state custody following a February 24, 2004 negotiated plea in the Cuyahoga County Court of Common Pleas to reduce three drug related charges and one count of possession of criminal tools to one count of trafficking in drugs (Respondent's Ex. A, B, H Appendix 12, TR. at 4). As part of the negotiated plea, the prosecution and defense jointly recommended a sentence of nine years. *Id.* This plea was accepted and the jointly recommended sentence was imposed. It was not until nearly one-and-one-half years later that Ramos prepared a notice of filing delayed appeal under Ohio R. App. P.5(A) and "sworn affidavit in support of motion seeking leave to file delayed appeal and sworn affidavit in support of delayed appeal brief and/or delayed appeal pending's," which were dated August 15, 2005 and filed with the Clerk of Courts on August 22, 2005 (Respondent's Ex. C and D).

On September 16, 2005 the state appellate court issued a rather cryptic decision denying leave to file a delayed appeal:

> MOTION BY APPELLANT, PRO SE, FOR LEAVE TO FILE A DELAYED APPEAL IS DENIED. STATE V. EDWARD J. HYDE, JR., (JAN. 22, 2001), CUYAHOGA APP. NO. 77592 UNREPORTED. APPELLANT CANNOT APPEAL FROM AN AGREED SENTENCE.

1:06 CV 0901 2

Respondent's Ex. E, *State v. Ramos*, Case No. 86907 (8 Dist. Ohio Ct. App.). In an attempt to interpret this ruling, in *State v. Hyde* the court held:

> Where a defendant specifically agrees to accept the maximum sentence, he has essentially conceded that the wrongful conduct at issue satisfies the statutory requirements for imposing the longest prison term, which negates the 'category finding' requirement of R.C. 2929.14(C). To do otherwise would be vain act. Under these circumstances, we conclude that [the defendant] waived his right to both a record 'category finding' and the reasons for the 'category finding' under R.C. 2929.14(C).

Further the appellate court's reference to inability to appeal from an agreed sentence refers to Ohio Rev. Code §2953.08(D)(1) which states, a "sentence imposed upon the defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

On November 1, 2005 Ramos timely appealed to the Ohio Supreme Court raising six propositions of law. (Respondent's Ex. H). The state responded and on February 8, 2006 the Supreme Court declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question. (Respondent's Ex. J); See *State v. Ramos*, 108 Ohio St.3d 1440, 842 N.E.2d 64, 2006 - Ohio - 421 (Table 2006).

*Untimeliness:*

On April 14, 2006 Ramos filed his *pro se* petition dated April 3, 2006 for a writ of habeas corpus under 28 U.S.C. §2254 with this court, and this petition is obviously untimely, an argument

1:06 CV 0901                                            3

raised by respondent for its dismissal.¹  Respondent maintains that Ramos has waived review of the merits of his seven grounds by untimely filing.²  Respondent argues that the April 2006 habeas

---

¹ Although inconsequential to resolution of the timeliness issue, Ramos' *pro se* petition is treated as having been filed on the date he signed it under penalty of perjury. This is an application of the "prison mailbox" rule from *Houston v. Lack*, 487 U.S. 266, 274 (1988), which approximates the date it was surrendered to prison authorities for mailing. See *Miller v. Collins*, 305 F.3d 491, 497-498 & n. 8 (6th Cir. 2002).

² **Ground One**: The petitioner, Mr. Javier Ramos, was denied his Constitutional right to appeal his sentence and/or conviction and/or judgment passed upon him and/or denied his constitutional right to appeal any constitutional claims that occurred in the criminal proceedings prior to entering a guilty plea in the State court proceedings. Not limited to the subject-matter jurisdiction of both the lower State courts of the Cleveland, Ohio Municipal Court and the Cuyahoga County Common Pleas Court, and a structural defect created by the State denying the petitioner of his Fourteenth Amendment Clause of Equal protection of laws and the due process of laws; Ohio Bill of Rights: Article I, §§ 2, 10 and 16, of the Ohio Constitution.

**Ground Two**: The petitioner, Mr. Javier Ramos, was denied his constitutional guaranteed right to counsel, as guaranteed by the Sixth amendment of the United States Constitution, Ohio Bill of Rights: Article I, § 10 of the Ohio Constitution, as implemented on the State by the Fourteenth Amendment Clause's equal protection of laws and due process of law, Ohio Bill of Rights: Article I, §§ 2, 10 and 16 of the Ohio Constitution. Indigent defendant/petitioner did not via his guilty plea having waived his due process and equal protection rights to appointed appellate counsel who seek access to first tier review in Ohio Court of Appeal. Prior to the sentencing court accepting the defendant/petitioner's guilty plea the court never advised petitioner that he was waiving his right to court appointed appellate counsel and right to appeal.

**Ground Three**: The Petitioner, Mr. Javier Ramos was denied his Sixth and Fourteenth Amendments clauses of the United States Constitution, right to trial by jury, equal protection of the laws and due process of law. The Ohio Bill of Rights: Article I, Section 2, 10 and 16 of the Ohio Constitution equal protection and benefits, right to trial and due course of law. The petitioner has an independent created interest of being sentenced to the shortest prison term as a first time offender. The State trial court abused its discretion when the court sentenced petitioner 72 months beyond the maximum sentence that he could receive as a first time offender.

**Ground Four**: The petitioner, Mr. Javier Ramos was denied his Constitutional guarantees to effective assistance of counsel (trial counsel) before the Cleveland Municipal court, Cuyahoga County, Ohio. Petitioner was denied his Constitutional guarantee to the right to a fair trial, equal protection of the laws and due process. Trial counsel's ineffectiveness created a constitutional structural defect in the trial mechanism. Petitioner was denied the Constitutional guarantees of the Sixth and Fourteenth Amendments to the United States Constitution within the meaning of effective assistance of Counsel, equal protection, and a fair trial. Ohio Bill of Rights: Article I, §§2, 10 and 16 of the Ohio Constitution, equal protection and benefits, a fair trial, assistance of counsel for his defense and due course of law.

1:06 CV 0901                                                         4

petition is untimely because a habeas corpus attack of a conviction in the state courts must be filed

---

> **Ground Five**: The Cuyahoga County Common Pleas Court lacked Subject matter Jurisdiction over the petitioner due to improper bind-over procedures to the Cuyahoga County grand jury and/or the Cuyahoga County Common Pleas Court by the Cleveland, Ohio Municipal Court and the failure of said court to properly obtain subject matter jurisdiction over the criminal complaint and/or said court not obtaining jurisdiction over the petitioner Mr. Ramos by the filing of a criminal complaint naming the petitioner Javier Ramos as a defendant/co-defendant in a charging instrument denying the petitioner the due process of law equal protection of the laws and the right to a constitution and the Ohio Bill of Rights: Article I, §§2, 10 and 16 of the Ohio Constitution.
>
> **Ground Six**: The Cuyahoga County Common Pleas Court lacked subject matter jurisdiction to impose sentence and pass judgment against the petitioner the trial court denied petitioner his Constitutional guaranteed right to a trial by jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, the Ohio bill of Rights: Article I, §§2, 10 and 16 of the Ohio Constitution. Petitioner never executed a written waiver of trial by jury pursuant to Ohio Revised Code § 2945.05. The trial court abused its discretion in imposing sentence and accepting petitioner's guilty plea without the full compliance of Ohio Revised Code § 2945.05.
>
> **Ground Seven**: Cuyahoga County Common Pleas Court constructively denied the petitioner the right to counsel and/or the right to effective assistance of counsel when trial counsel Mr. Jerome Emoff made a notice of appearance before the court informing the court he had just been retained to represent the petitioner and a continuance of trial date was necessary to prepare for trial and without such a continuance he could not represent his client within the Constitutional protections guaranteed to him by the Sixth and Fourteenth Amendments of the United States Constitution, the trial court denied the motion of counsel thereby denying the petitioner to a fair trial, due process of law and the effective assistance of counsel. Ohio Bill of Rights: Article I §§2, 10 and 16 of the Ohio Constitution, equal protection and benefits, effective assistance of counsel and due course of law further the trial court abused its discretion.

(Doc. #1, Petition

1:06 CV 0901                                        5

within one year after the conviction becomes "final" pursuant to 28 U.S.C. §2244(d)(1)(A). [3] Under §2244(d)(1)(A) the "1-year period of limitation" begins to run at the conclusion of direct review.

The calculation for this "1-year period" commences with Friday, February 27, 2004, when Ramos' conviction and sentence were journalized. Since Ramos did not seek a timely direct appeal within 30 days as required by Ohio R. App. P. 4(A), that 30-day period expired on Sunday, March 28, 2004, and since the 30-day period expired on a weekend, Ramos had through Monday, March 29, 2004 to file a timely direct appeal. See *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006) (statute begins to run with expiration of Ohio R. App. P. 4(A)'s time to appeal); *Bronaugh v. Ohio*, 235 F.3d 280, 282 (6th Cir 2000)(court applies Fed. R. Civ. R. 6(a) in computing time). Thus, the

---

[3] 28 U.S.C. §2244(d) reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1:06 CV 0901                                                6

period of limitations began running on March 30, 2004, "the expiration of the time for seeking [direct] review," and ran uninterrupted through March 30, 2005.

Motions for delayed appeal in Ohio's courts may toll the statute of limitations under 28 U.S.C. §2244(d)(2) but are not part of the direct appeal process for purposes of 28 U.S.C. §2244(d)(1)(A). See *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001); *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006). A post-deadline motion to file delayed appeal under Ohio R. App. P. 5(A) has no effect on the "1-year period" of §2244(d)(1)(A). *Winkfield v. Bagley*, 66 Fed. Appx. 578, 582 (6th Cir. May 28, 2003) (unpublished opinion), *cert. denied*, 540 U.S. 969 (2003). Once the "1-year period" has run, it cannot be restarted or retriggered by subsequent state court proceedings. See *DiCenzi v. Rose*, 452 F.3d 465, 468 (6th Cir. 2006); *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (Ohio R. App. P. 26(B)); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (delayed appeal under Ohio R. App. P. 5(A)); *Bronaugh v. Ohio*, 235 F.3d 280, 286-87 (6th Cir. 2001) (Ohio App. R. 26(B)). Since the time limitation had previously expired, these subsequent collateral proceedings are inconsequential. Accordingly, the "1-year period" began running on March 30, 2004 and continued to run another 365 days through March 30, 2005. Ramos' federal petition filed in April 2006 is thus untimely.

*Due Diligence in Discovery of Right:*

Ramos maintains that his delay was due to the state trial court's failure to notify him of the right to appeal. This assertion is borne out by the record and respondent does not challenge it. To explain this omission, several state appellate courts have commented or found no duty to advise of

1:06 CV 0901                                                    7

the right to appeal where the sentence is not reviewable pursuant to §2953.03(D). See *State v. Bryant*, 2005 - Ohio - 3352 at ¶¶13-21 (Ohio App. 6 Dist.); *State v. Middleton*, 2005 WL 4061208, 2005 - Ohio - 681 at ¶¶18-26 (Ohio App. 12 Dist.). Ohio R. Crim P. 32(B)(2) reads:

> ***Notification of right to appeal.***
> . . .
> After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, *where applicable* to appeal or seek leave to appeal the *sentence* imposed (emphasis supplied).

This apparently was the situation where Ramos found himself, as illustrated to the state appellate court's rejection of leave for delayed appeal referring to the inability to appeal sentence.[4]

The Sixth Circuit in *DiCenzi* has determined that claim of lack of being advised of the right to appeal is to be addressed under §2244(d)(1)(D), which stays the running of the period of limitation until, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." See *DiCenzi,* 452 F.3d at 469-71; and see *Souter v. Jones*, 395 F.3d 577, 586-87 (6th Cir. 2005). Quoting from the Second Circuit, the court explained in *DiCenzi*, "The proper task in the case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay . . . so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence." *DiCenzi*, 452 F.3d at 470 quoting *Wims v. U.S.*, 225 F.3d 186, 190 (2nd Cir. 2000). In this consideration two factors were emphasized. First due diligence "does not require the maximum feasible diligence only

---

[4] It is unnecessary to determine whether this ruling was correct since the petition was untimely filed.

1:06 CV 0901                                                  8

'due' or reasonable diligence." *DiCenzi* at 470 quoting *Granger*, 90 F.Ed. Appx. 97, 100 (6th Cir. Jan. 23, 2004) (unpublished opinion). The second factor was the court must consider the realities and the difficulties inherent in the prison environment. *DiCenzi* at 470-471 citing *Aron v. U.S.*, 291 F.3d 708, 712 (11th Cir. 2002); *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir. 2000).

In responding to respondent's timeliness argument, Ramos states that he filed his motion for leave for delayed appeal in August 2005 approximately 30 to 60 days after learning of his right to appeal. (See Traverse at 7). He states that the calculation should not commence until some time between June 22, 2005 and July 22, 2005 which would result in a calculation making the April 2006 petition for habeas corpus timely.

The record does not support Ramos' self-serving claim. A key consideration is that Ramos had access to *retained* counsel. At sentencing he was represented by Attorney Jerome Enoff who explained in a motion for reduction of the $10 million dollar fine due to Ramos' indigency, that his services were being paid for by Ramos' family. (Ex. H, App. 12 at 21-22, 25). More significantly, after that Ramos admitted in his July 28, 2005 affidavit, submitted in conjunction with his motion for delayed state appeal, that he had access to retained counsel while in prison:

> To the best of Affiant's knowledge, understanding, and/or belief retained attorney at law Richard Drucker, accepted the payment as defense appeal counsel for the Affiant, and Affiant's Co-Defendant Javier Prieto having a conflict of interest in representing the Affiant and Affiant's Co-Defendant Javier Prieto, informing the Affiant of the following during a attorney visit at the Richland Correctional Institution; to wit: "Quoting" I and [Assistant Cuyahoga County Prosecutor at Ramos' sentencing] Deborah Naiman are real close, she worked for my father for many years before she started working for the prosecutor's office, we have a understanding, I can have this

1:06 CV 0901                                                                 9

> case taken care of without getting the court of appeals involved, and I'm not going to raise the issue of "subject-matter" jurisdiction and/or jurisdiction, I can get the same results without attacking "subject-matter" jurisdiction, I'll [sic] attacking the Probable Cause and illegal seizure since the vehicle was not named in the search warrant and the affidavit in support of the search warrant was not sworn to and signed by a judge and/or clerk/deputy clerk of court(s). Unquote."" The Affiant fired retained attorney at law Richard Drucker as his appeal counsel after the Affiant realized that Mr. Drucker was only misleading him and his family.

("Defendant/appellant sworn affidavit . . ." Resp. Ex. D ¶25).

This passage is very revealing aside from the fact that post-conviction access to retained counsel was available. First it establishes that Ramos had already begun research into his legal grounds such as the subject matter jurisdiction grounds he presented in the state courts and again as the first, fifth, and sixth grounds in the petition at hand. The briefing submitted to the state appellate court (Respondent's Ex. C and D) show that Ramos engaged in a good deal of legal research including his quotation of the Ohio's Code of Professional Responsibility and numerous state and federal cases to support his arguments. Not only had Ramos discovered his right to appeal but he also had brought in retained counsel to discuss prosecution of an appeal. Under these circumstances, where the prisoner had access to retained counsel it would appear that any period of time greater than 90 days would be inexcusable and would not constitute the reasonable exercise of due diligence discovery of the fact of his right to an appeal. This would be approximately 60 days after time to appeal expired under Ohio App. R. 4(A)). However even an extension of 90 days under §2244(d)(1)(D) does not change the outcome of the timeliness calculation. Ramos did not act with "due diligence," and an extension through May 2005, instead of March 30, 2005, does not make Ramos' April 2006 petition timely.

1:06 CV 0901                                              10

*Equitable Tolling:*

As instructed in *DiCenzi*, the district court's conclusion that a petitioner is not duly diligent for statutory purposes could affect any equitable tolling analysis. *DiCenzi*, 452 F.3d at 472. Equitable tolling requires the Court to consider several factors in assessing the reasonableness of a petitioner's ignorance of the requirement of timely filing. See *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001), *cert. denied*, 534 U.S. 1057 (92001); *Vroman v. Brigano*, 346 F.3d 598, 604-05 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 200 (2004). "[T]he doctrine of equitable tolling allows a federal court to toll a statute of limitations when, 'a litigant's failure to meet a legally-motivated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005), quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).[5] Ramos, though, bears the burden of establishing entitlement. See *Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002); *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003); *Keenan*, 400 F.3d at 420.

Ramos has not shown: that he was unaware of §2244(d)'s limitation period; that his ignorance of the legal requirement to file his claim was reasonable; or that he was diligent in allowing a year and a half to lapse. See *Dixon v. Ohio*, 81 Fed. Appx. 851 (6th Cir. 2003) (petitioner's lack of counsel and 1 month placement in solitary confinement did not excuse lack of

---

[5] In determining whether to allow equitable tolling, the Court must consider the *Andrews* factors: petitioner's lack of notice of the filing requirement; petitioner's lack of constructive knowledge of the filing requirement; diligence in pursuing one's rights; absence of prejudice to the Respondent and the petitioner's reasonableness in remaining ignorant of the legal requirements for filing his claim. *Dunlap*, 250 F.3d at 1008, citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). However, "this list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano*, 346 F.3d at 605; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *cert. denied*, 125 S.Ct. 200 (2004).

1:06 CV 0901                                           11

diligence in pursuing his claims); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003) (inmate's lack of legal training, poor education and even illiteracy does not provide reason to toll the statute of limitations).  Further considering his access to retained counsel there is no excuse this untimely petition. Although respondent has not been prejudiced by the delay, "[a]bsence of prejudice is a factor to be considered only after a factor that might justify tolling is identified."  *Vroman*, 346 F.3d at 605; *Allen*, 366 F.3d at 404.

Finally, however, there is the question of whether Ramos is innocent.  The Sixth Circuit has determined in *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), as an issue of first impression, that a credible claim of actual innocence will equitably toll the §2244(d) limitations period. *Id.*, at 508-596. None of Ramos' arguments, however, demonstrate actual innocence.  Actual innocence means "factual innocence not mere legal insufficiency."  *Bousley v. U.S.*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Ramos relies on claims that the state courts lacked jurisdiction, he had ineffective assistance of trial counsel, and the state procedural mechanism which did not require that he be advised of the right to appeal and appoint appellate counsel to carry out that right is unconstitutional.  Moreover, his discussions with Attorney Drucker showed contemplating a challenge based on suppression of evidence.  None of these arguments asserts a claim of factual innocence.

*Inconsistent Ruling with Respect to Co-Defendant:*

Ramos demands relief in what could be termed a matter of appeal envy.  Co-defendant Javier Prieto, who appeared at the same conviction/sentencing proceeding with Ramos, later filed a request

1:06 CV 0901                                                    12

for leave to file delayed appeal in November 2005 and leave to take delayed appeal was granted. (See Ex. H Appx. 12, Traverse Ex. of docket from *State v. Prieto*). On appeal, Prieto's guilty plea was vacated for lack of full compliance with Ohio's Crim. Rule 11(C). See *State v. Prieto*, 2006 WL 2373413, 2006 - Ohio - 4259 (Ohio App. 8 Dist.). Both Ramos' plea and that of his codefendant were entered under identical circumstances. However, it can only be presumed that Prieto presented more compelling reasons in his request for delayed appeal.

Related to this, however, is that Ramos may yet have recourse in the state courts for a challenge to his guilty plea based on Ohio's Crim. R. 11(C) as had occurred in Prieto's appeal. This argument has not been presented as one of Ramos' seven grounds for habeas corpus relief. If it was, then there would be an exhaustion question. However if Ramos determines that he wishes to raise this new ground challenging sufficiency of his guilty plea, the legal winds are in his favor. Fairly recently in *State v. Bingham*, 2007 WL 766166, 2007 - Ohio - 1161 (Ohio App. 8 Dist.), Ohio's Eighth District Court of Appeals distinguished a position taken in *State v. Hill*, 160 Ohio App.3d 324, 827 N.E.2d 351 (2005) to specifically permit challenges to the sufficiency of the plea hearing. Further Ramos presents circumstances which again are distinguishable from *State v. Hill* because he has exhausted the remedy of delayed appeal. A point made in *State v. Hill* was that the trial court lacked jurisdiction to consider Hill's post-conviction relief petition brought under Ohio Rev. Code §2953.21 because Hill had not prior to that petition requested and been denied delayed appeal as required pursuant to *State v. Gover*, 71 Ohio St.3d 577, 645 N.E.2d 1246 (1995). See *Hill*, 160 Ohio App.3d at 330-31. In *Gover*, the court explained that since the denial of the right to appellate counsel occurred at the trial level, the proper remedy was to file a petition for post-conviction relief

1:06 CV 0901                                                                                                13

under Ohio Rev. Code §2953.21.  *Id.*, 71 Ohio St.3d at 580.  From the record at this point it does not appear that Ramos has exercised this remedy which may exist to challenge the sufficiency of his guilty plea on the same basis as his codefendant, Prieto.  However presumably at this time Ramos has or will shortly have the opportunity to review the outcome of Mr. Prieto's new sentence, and may decide to stand pat with the nine-year sentence currently imposed.  This discussion, though, has no impact on the seven grounds which were presented after the expiration of the "1-year period" of §2244(d)(1)(A) and (D).

### *CONCLUSION AND RECOMMENDATION*

Federal review of the seven grounds presented in this petition is foreclosed by untimely presentation pursuant to 28 U.S.C. §2244(d)(1)(A) and (D).  Accordingly petitioner has not demonstrated that he is in custody pursuant to a judgment of the state court which resulted in a decision that was contrary to or involved an unreasonable application of Federal law as determined by the Supreme Court of the United States or was the result of a decision based on an unreasonable interpretation of the facts in light of the evidence in the State court proceeding.  See 28 U.S.C. §2254(d)(1) and (2).  The record discloses no error resulting in denial of fundamental fairness or cause to hesitate due to the probability of actual innocence.  There has been no demonstrated need for an evidentiary hearing.  It is recommended that this application for habeas corpus be denied.

                    s/James S. Gallas
                  United States Magistrate Judge

Dated: **December 7, 2007**

1:06 CV 0901                                    14

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).