**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

**EASTERN DIVISION**

| | |
|---|---|
| **JAVIER RAMOS,** : | |
| Petitioner, : | **Case No. 1:06CV901** |
| v. : | **Judge Christopher A. Boyko** |
| **JULIUS WILSON, Warden,** : | |
| Respondent. : | |

**CHRISTOPHER A. BOYKO,J:**

This matter is before the Court on Petitioner Javier Ramos' Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (ECF # 1). For the following reasons, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation and denies Petitioner's petition.

## **FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's

1

Report and Recommendation adopted and incorporated, provides a more complete and detailed discussion of the facts.  During a hearing held on February 24, 2004, Petitioner entered a negotiated plea of guilty to Trafficking in Drugs,  amended to read "in an amount greater than 500 grams but less than 1,000 grams."  As part of the negotiated plea, the prosecution and defense jointly recommended a sentence of nine years.  The trial court accepted Petitioner's guilty plea and imposed the jointly recommended sentence of nine years imprisonment. Petitioner did not file a timely appeal from the judgment of conviction. On August 22, 2005, Petitioner  filed a Notice of Appeal For Filing of Delayed Appeal to the Eighth Appellate District Court of Appeals for Cuyahoga County, Ohio and a supporting affidavit.  On September 16, 2005, the Eighth District Court of Appeals denied Petitioner's Motion for Leave to File a Delayed Appeal.  On November 1, 2005, Petitioner timely appealed to the Supreme Court of Ohio.   On February 8, 2006, the Supreme Court of Ohio declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question.

On April 14, 2006, Petitioner, *pro se*, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 asserting the following claims:

> **Ground One**: The petitioner, Mr. Javier Ramos, was denied his Constitutional right to appeal his sentence and/or conviction and/or judgment passed upon him and/or denied his constitutional right to appeal any constitutional claims that occurred in the criminal proceedings prior to entering a guilty plea in the State court proceedings. Not limited to the subject-matter jurisdiction of both the lower State courts of the Cleveland, Ohio Municipal Court and the Cuyahoga County Common Pleas Court, and a structural defect created by the State denying the petitioner of his Fourteenth Amendment Clause of Equal protection of laws and the due process of laws; Ohio Bill of Rights: Article I, §§ 2, 10 and 16, of the Ohio Constitution.

**Ground Two**: The petitioner, Mr. Javier Ramos, was denied his constitutional guaranteed right to counsel, as guaranteed by the Sixth amendment of the United States Constitution, Ohio Bill of Rights: Article I, § 10 of the Ohio Constitution, as implemented on the State by the Fourteenth Amendment Clause's equal protection of laws and due process of law, Ohio Bill of Rights: Article I, §§ 2, 10 and 16 of the Ohio Constitution. Indigent defendant/petitioner did not via his guilty plea having waived his due process and equal protection rights to appointed appellate counsel who seek access to first tier review in Ohio Court of Appeal. Prior to the sentencing court accepting the defendant/petitioner's guilty plea the court never advised petitioner that he was waiving his right to court appointed appellate counsel and right to appeal.

**Ground Three:** The Petitioner, Mr. Javier Ramos was denied his Sixth and Fourteenth Amendments clauses of the United States Constitution, right to trial by jury, equal protection of the laws and due process of law. The Ohio Bill of Rights: Article I, Section 2, 10 and 16 of the Ohio Constitution equal protection and benefits, right to trial and due course of law. The petitioner has an independent created interest of being sentenced to the shortest prison term as a first time offender. The State trial court abused its discretion when the court sentenced petitioner 72 months beyond the maximum sentence that he could receive as a first time offender.

**Ground Four:** The petitioner, Mr. Javier Ramos was denied his Constitutional guarantees to effective assistance of counsel (trial counsel) before the Cleveland Municipal court, Cuyahoga County, Ohio. Petitioner was denied his Constitutional guarantee to the right to a fair trial, equal protection of the laws and due process.

Trial counsel's ineffectiveness created a constitutional structural defect in the trial mechanism. Petitioner was denied the Constitutional guarantees of the Sixth and Fourteenth Amendments to the United States Constitution within the meaning of effective assistance of Counsel, equal protection, and a fair trial. Ohio Bill of Rights: Article I, §§2, 10 and 16 of the Ohio Constitution, equal protection and benefits, a fair trial, assistance of counsel for his defense and due course of law.

**Ground Five**: The Cuyahoga County Common Pleas Court lacked Subject matter Jurisdiction over the petitioner due to improper bind-over procedures to the Cuyahoga County grand jury and/or the Cuyahoga County Common Pleas Court by the Cleveland, Ohio Municipal Court and the failure of said court to properly obtain subject matter jurisdiction over the criminal complaint and/or said court not obtaining jurisdiction over the petitioner Mr. Ramos by the filing of a criminal complaint naming the petitioner Javier Ramos as a defendant/co-defendant in a charging instrument denying the petitioner the due process of law equal protection of the laws and the right to a constitution and the Ohio Bill of Rights: Article I, §§2, 10 and 16 of the Ohio Constitution.

**Ground Six**: The Cuyahoga County Common Pleas Court lacked subject matter jurisdiction to impose sentence and pass judgment against the petitioner the trial court denied petitioner his Constitutional guaranteed right to a trial by jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, the Ohio bill of Rights: Article I, §§2, 10 and 16 of the Ohio Constitution. Petitioner never executed a written waiver of trial by jury pursuant to Ohio Revised Code § 2945.05. The trial court abused its discretion in imposing sentence and accepting petitioner's guilty plea without the full compliance of Ohio

Revised Code § 2945.05.

**Ground Seven**: Cuyahoga County Common Pleas Court constructively denied the petitioner the right to counsel and/or the right to effective assistance of counsel when trial counsel Mr. Jerome Emoff made a notice of appearance before the court informing the court he had just been retained to represent the petitioner and a continuance of trial date was necessary to prepare for trial and without such a continuance he could not represent his client within the Constitutional protections guaranteed to him by the Sixth and Fourteenth Amendments of the United States Constitution, the trial court denied the motion of counsel thereby denying the petitioner to a fair trial, due process of law and the effective assistance of counsel. Ohio Bill of Rights: Article I §§2, 10 and 16 of the Ohio Constitution, equal protection and benefits, effective assistance of counsel and due course of law further the trial court abused its discretion.

On June 21, 2006 , this Court referred Petitioner's petition to the Magistrate Judge for a Report and Recommendation.  The Magistrate Judge issued his Report and Recommendation on December 7, 2007.  Petitioner filed his Objections to the Report and Recommendation on January 4, 2008 after being granted an extension of time to file.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States."  Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the

Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings made by the magistrate.

## ANALYSIS

The Magistrate Judge determined Petitioner's habeas application is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2244(d), must comply with the statute of limitations period set forth in 28 U.S.C. § 2244 which provides:

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
> **(D)** the date on which the factual predicate of the claim or claims presented

6

could have been discovered through the exercise of due diligence.

**(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The Magistrate Judge correctly determined the calculation for this "1-year period" commences with Friday, February 27, 2004, when Petitioner's conviction and sentence were journalized. Since Petitioner did not seek a timely direct appeal within 30 days as required by Ohio R. App. P. 4(A), that 30-day period expired on Sunday, March 28, 2004, and since the 30-day period expired on a weekend, Petitioner had through Monday, March 29, 2004 to file a timely direct appeal. *DiCenzi v. Rose*, 452 F.3d 465, 469 (6th Cir. 2006) (statute begins to run with expiration of Ohio R. App. P. 4(A)'s time to appeal); *see slso Bronaugh v. Ohio*, 235 F.3d 280, 282 ( 6th Cir 2000)(court applies Fed. R. Civ. R. 6(a) in computing time). Therefore, the period of limitations began running on March 30, 2004, "the expiration of the time for seeking [direct] review," and ran uninterrupted through March 30, 2005.  Under any methods listed in §2244 for computing the one-year limitation period, Petitioner's filing was untimely.

Motions for delayed appeal in Ohio's courts may toll the statute of limitations under 28 U.S.C. §2244(d)(2) but are not part of the direct appeal process for purposes of 28 U.S.C. §2244(d)(1)(A). *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001); *See also Rose*, *supra*, at 468.  However, as the Magistrate Judge points out, Petitioner failed to file any proceedings that would serve to toll the limitations period from March 26, 2004 to March 25, 2005.

A post-deadline motion to file delayed appeal under Ohio R. App. P. 5(A) has no effect on the "1-year period" of §2244(d)(1)(A). *Winkfield v. Bagley*, 66 Fed. Appx. 578, 582 (6th Cir. May 28, 2003) (unpublished opinion), *cert. denied*, 540 U.S. 969 (2003). Once the "1-year period" has run, it cannot be restarted or retriggered by subsequent state court proceedings.  *Rose supra*, at 468 ; *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (Ohio R. App. P. 26(B));  *Carter*, *supra*, at 519  (delayed appeal under

7

Ohio R. App. P. 5(A)); *Bronaugh*, *supra*, at 286-87 (Ohio App. R. 26(B)). Since the time limitation had previously expired, subsequent collateral proceedings are inconsequential. As the Magistrate Judge points out, the "1-year period" began running on March 30, 2004 and continued to run another 365 days through March 30, 2005. Therefore, Petitioner's federal petition filed in April 2006 is untimely.

Petitioner asserts his delay was due to the state trial court's failure to notify him of the right to appeal. The Magistrate Judge correctly points out several state appellate courts have commented or found no duty to advise of the right to appeal where the sentence is not reviewable pursuant to §2953.03(D). Ohio Revised code §2953.08 (D) precludes a defendant who has entered into and benefitted from a negotiated plea agreement from attacking his sentence:

> (D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge. *Id.*

When Petitioner entered into a negotiated plea agreement in which both the prosecution and the defense jointly recommended the sentence that was imposed by the sentencing judge, Petitioner waived his right to challenge his sentence on appeal. *State v. Porterfield*, 106 Ohio St.3d 5 (2005) (holding that "once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence").  The Respondent correctly points out in their Answer/Return of Writ, the procedural rule of waiver is an adequate and independent state ground to bar habeas claims.

The Sixth Circuit in *DiCenzi* has determined that a claimed lacking of advising defendant of his right to appeal must be addressed under §2244(d)(1)(D), which stays running  the period of limitation until, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." DiCenzi, at 469-71; also see *Souter v. Jones*, 395 F.3d 577, 586-87 (6th Cir. 2005).  In this consideration, two factors were emphasized. First, due diligence "does not require

8

the maximum feasible diligence only 'due' or reasonable diligence." *DiCenzi* at 470 quoting *Granger*, 90 F.Ed. Appx. 97, 100 (6th Cir. Jan. 23, 2004) (unpublished opinion). The second factor was the court must consider the realities and the difficulties inherent in the prison environment. *DiCenzi* at 470-471, citing *Aron v. U.S.*, 291 F.3d 708, 712 (11th Cir. 2002); *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir. 2000).

In responding to Respondent's timeliness argument, Petitioner states that he filed his Motion for Leave for Delayed Appeal in August 2005, approximately 30 to 60 days after learning of his right to appeal. He states the calculation should not commence until some time between June 22, 2005 and July 22, 2005, which would result in a calculation making the April 2006 petition for habeas corpus timely. However, as the Magistrate Judge points out, Petitioner had access to retained counsel. At sentencing, his attorney explained in a Motion for Reduction of the $10 million dollar fine due to Petitioner's indigency, his services were being paid for by Petitioner's family. Petitioner then admitted in his July 28, 2005 affidavit, submitted in conjunction with his Motion for Delayed State Appeal, that he had access to retained counsel while in prison. The Magistrate Judge indicates Petitioner had already begun research into his legal grounds and engaged in a good deal of legal research, including his quotation of the Ohio's Code of Professional Responsibility and numerous state and federal cases to support his arguments. Not only had Petitioner discovered his right to appeal, he also had brought in retained counsel to discuss prosecution of an appeal.

The Magistrate Judge correctly states under these circumstances, where the prisoner had access to retained counsel, it would appear that any period of time greater than 90 days would be inexcusable and would not constitute the reasonable exercise of due diligence discovery of his right to an appeal. This would be approximately 60 days after time to appeal expired under Ohio App. R. 4(A)). However, even an extension of 90 days under §2244(d)(1)(D) does not change the outcome of the timeliness calculation, since an extension through May 2005, instead of March 30, 2005, does not make

9

Petitioner's April 2006 petition timely.

The remaining issues involve equitable tolling principles the Court has considered in assessing the reasonableness of a petitioner's ignorance of the timely filing requirement. The Court finds Petitioner has not shown he was unaware of §2244(d)'s limitation period; that his ignorance of the legal requirement to file his claim was reasonable; or that he was diligent in allowing a year and a half to lapse. Furthermore, considering his access to retained counsel, there is no excuse for this untimely petition. The Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments regarding the timeliness of the Petition presently before this Court and agrees Petitioner's petition is untimely.

Finally, however, there is the question of whether Petitioner is innocent. The Sixth Circuit has determined in *Souter*, as an issue of first impression, that a credible claim of actual innocence will equitably toll the §2244(d) limitations period. *Id.*, at 508-596. The Magistrate Judge correctly points out none of Petitioner's arguments, however, demonstrate actual innocence. Actual innocence means "factual innocence not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623-24, 118 S.Ct 1604, 140 L.Ed.2d 828 (1998). *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Petitioner claims the state courts lacked jurisdiction, he had ineffective assistance of trial counsel, and the state procedural mechanism, which did not require he be advised of the right to appeal and appoint appellate counsel to carry out that right, is unconstitutional. None of these arguments asserts a claim of factual innocence. Additionally, Petitioner failed to raise these claims properly in the state courts, and failed to demonstrate sufficient justification for the default in this federal action. Petitioner has not presented any evidence of actual innocence to cause the Court to hear his procedurally defaulted claims where cause and prejudice cannot be shown. Petitioner pled guilty to the crimes for which he was ultimately convicted. Therefore, Petitioner cannot show that a constitutional violation has probably resulted in the conviction of one who is actually

innocent.

For the foregoing reasons, the court finds Petitioner's habeas petition is barred by the one year limitation period set forth in the AEDPA. The court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation. Therefore, Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody is dismissed.

The court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. §2253 (c)(2); Fed.R. App.P.22(b).

IT IS SO ORDERED.


Date: June 23, 2008         S/Christopher A/ Boyko
                            CHRISTOPHER A. BOYKO
                            United States District Judge